UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MERRILEE STEWART,

          Plaintiff,      :      Case No. 2:19-cv-304

  - vs -                        Judge Sarah D. Morrison
                                Magistrate Judge Chelsey M. Vascura

THE HARTFORD FINANCIAL SERVICES
GROUP, INC., *et al.*,
                             :
          Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Motion of Defendant Sentinel Insurance Company, Ltd. ("Sentinel") to Dismiss the Complaint (ECF No. 3) and the Motion of Defendant the Hartford Financial Services Group, Inc. ("Hartford") to Dismiss the Complaint (ECF No. 12). Plaintiff Merrilee Stewart has filed Memorandum in Opposition to the Motions (ECF Nos. 6 and 15, respectively), and both Defendants have filed Reply Briefs (ECF Nos. 10 and 16).

In addition, Plaintiff Stewart filed a Motion to Strike the Motion to Dismiss filed by Hartford. (ECF No. 14). Hartford's opposition to her motion was combined with its reply in support of its Motion to Dismiss. (ECF No. 16).

These matters are ripe for a decision.

**I.    The Allegations Contained in the Complaint**[1]

Plaintiff Merrilee Stewart filed this action on January 31, 2019, naming as Defendants "the Hartford Financial Services Group, Inc. Sentinel Insurance Company, Ltd." and three

---

[1] A more complete discussion of the allegations contained in the Complaint is set forth in the Court's Opinion and Order on the Motion to Dismiss of the Individual Defendants. (ECF No. 18).

1

individual defendants.

The *pro se* Complaint sets forth eight causes of action: Bad Faith (Claim 1), Breach of the Duty of Good Faith and Fair Dealing (Claim 2), Tortious Interference with Contract and a Business Relationship (Claim 3), Intentional Infliction of Emotional Distress (Claim 4), Conversion (Claim 5), Fraud and Misrepresentation (Claim 6), Civil Conspiracy (Claim 7), and Misprision of an Anti-Trust Felony (Claim 8). The bases for these claims is Ms. Stewart's allegation that the Defendants, collectively, have erred in the handling of the insurance claims that she has filed stemming from extensive litigation between Ms. Stewart and several others.

For purposes of the pending Motion, the Court must accept the allegations in the Complaint as true, drawing all reasonable inferences in favor of Plaintiff. Those allegations are as follows:

Ms. Stewart is a minority owner of unredeemed shares in RRL Holding Company, LLC. (Compl., ¶¶ 14, 21). RRL wholly owns Firefly Agency fka IHT Insurance Agency ("IHT/Firefly") [2]. (*Id.* ¶ 22). Ms. Stewart claims that she is a "whistleblower and victim" because she learned that RRL and IHT/Firefly were engaging in crimes and illegal activities and she reported what she had learned to authorities. (*Id.* ¶¶ 16–18, 20). In retaliation for her efforts to bring to light the illegal conduct by RRL and IHT/Firefly, the company(ies) and/or its agents initiated civil actions against her. (*Id.* ¶¶ 18–19, 44–53). She, in turn, has filed litigation or other claims against one or more of those companies. (*Id.* ¶¶ 54, 159, 163).

Ms. Stewart claims that she is a "contracted supplier" with Hartford as a result of her business relationship with IHT/Firefly, meaning that she offers Hartford's products and services

---

[2] In her Complaint, Ms. Stewart refers to these entities interchangeably, sometimes as "IHT/Firefly/RRL" and sometimes "IHT/Firefly."

to the general public in multiple states. (*Id.* ¶¶ 34–35). Ms. Stewart is also a contracted supplier of Hartford's products and services through TRG United Insurance, LLC ("TRG"); since 2014, Ms. Stewart has had an ownership interest in TRG in addition to RRL. (*Id.* ¶¶ 37, 42).

In addition to selling Hartford products to third parties, IHT/Firefly and TRG are insureds of Hartford. (*Id.* ¶¶ 39–43). Ms. Stewart claims that she is an insured under the business policies of both companies because of her roles at the companies. (*Id.*).

### *Ms. Stewart's Insurance Claims with "Hartford"*

On or about April 28, 2015, under the IHT/Firefly policy, Ms. Stewart filed a claim with Hartford asking that Hartford defend her in litigation in the Franklin County Court of Common Pleas, claim number Y53 LP 06979 (hereinafter "IHT Claim"). (*Id.* ¶¶ 51–52). Her claim was denied by Hartford on or about July 8, 2015. (*Id.* ¶ 59). Thereafter, Ms. Stewart attempted to provide additional information in an effort to get Hartford to reverse its decision to deny her claim for coverage. (*Id.* ¶¶ 59–70, Exhibit A). On or about July 24, 2018, Ms. Stewart was notified that Hartford's denial of coverage on the IHT Claim would not be changed. (*Id.* ¶ 76).

Ms. Stewart filed a second claim with Hartford on or about February 17, 2017, this time under the TRG policy, claim number GL17249688, Y53 LP 47660 (hereinafter "TRG Claim"). (*Id.* ¶¶ 77–78). The TRG Claim was also denied. (*Id.* ¶ 84, Exhibit C).

On or about July 18, 2016, Ms. Stewart also filed an "Employee Dishonesty" claim with Hartford related to embezzlement by an IHT/Firefly employee, claim number CP16918233. (*Id.* ¶ 141). According to the Complaint, the Employee Dishonesty claim was improperly closed by Defendant Julie Dengler. (*Id.* ¶¶ 141–55).

## II. Standard of Review and Analysis

### A. The Intended Corporate Defendant

The first argument raised in Sentinel's Motion to Dismiss is that the Complaint should be dismissed because the "face of the complaint purports to name 'The Hartford Financial Services Group Inc. Sentinel Insurance Company, Limited' as a defendant." (7, ECF No. 3). Sentinel's argument is that there is no such entity named "Hartford Financial Services Group Inc. Sentinel Insurance Company, Limited." Sentinel's argument is bolstered by the fact that the record does not reflect any efforts to serve Sentinel.

However, in the first unnumbered paragraph of the Complaint, Ms. Stewart appears to intend to name two companies as defendants, namely "The Hartford Financial Services Group, Inc. **and** Sentinel Insurance Company, Limited." (2, ECF No. 1) (emphasis added). Reading the Complaint liberally given Mrs. Stewart's *pro se* status, the Court concludes that Ms. Stewart intended to name as defendants **both** The Hartford Financial Services Group, Inc. **and** Sentinel Insurance Company, Limited, two separate corporate entities. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Based on that conclusion, each defendant is entitled to file its own motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Accordingly, Ms. Stewart's Motion to Strike Defendants' Third Motion to Dismiss is **DENIED**. (ECF No. 14).

Sentinel has also moved the Court to require Ms. Stewart to file a more definite statement to clarify the identity of the intended corporate defendant and to set forth her specific allegations as to each corporate defendant. (Motion, 8, ECF No. 3).

Federal Rule of Civil Procedure 12(e) provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

In turn, Rule 8(a)(2) requires only notice pleading. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). A complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to satisfy the pleading requirements a claimant need only give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346 (2005) (internal quotations omitted).

A motion for more definite statement "is designed to strike at unintelligibility rather than simple want of detail . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Jakovich v. Hill, Stonestreet & Co.,* No. 1:05CV2126, 2005 WL 3262953 at *3 (N.D. Ohio Nov. 30, 2005) (alterations in original) (internal quotations omitted).

Motions for a more definite statement are also not to be used "to obtain statutory citations or legal theories, which need not be provided at the pleading stage." *Becker v. Clermont Cty. Prosecutor,* No. 1:07cv511, 2008 WL 2230178, *2 (S.D. Ohio May 29, 2008). "[A]ny attempt to use a motion for a more definite statement to tie the pleader down to a particular legal theory of the case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his case at the pleading stage." 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.).

In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored. *Monsul v. Ohashi Technica U.S.A., Inc.,* No. 2:08–cv–958, 2009 WL 2430959, *4 (S.D. Ohio Aug. 6, 2009).

The Complaint is very detailed in some respects. However, as to the allegations of

misdeeds by the corporate defendant or defendants, the Complaint is ambiguous regarding whether and what actions can be attributed to one or the other, or both entities. Specifically, Ms. Stewart's repeated references to "defendants" globally is not sufficient enough to state a claim for which either defendant could be expected to frame a responsive pleading. The need for a more definite statement is particularized in this case where there is confusion regarding whether Ms. Stewart intends to bring her claims against one defendant or two independent corporate defendants.

Ms. Stewart states in her response to Sentinel's Motion that "'the Hartford' is the trade name used by both the parent and their affiliates, going forward [she] will utilize them separately." (2, ECF No. 6). However, for the sake of clarity, she must amend the allegations in her Complaint so that the corporate defendants are put on notice as to the allegations regarding each company to allow them to frame a responsive pleading.

Accordingly, Sentinel's Motion to Dismiss, to the extent it seeks a more definite statement, is **GRANTED**. (ECF No. 3). Ms. Stewart is **ORDERED** to file an amended complaint as to the corporate defendant or defendants on or before **FEBRUARY 14, 2020.**

If Ms. Stewart does not file an amended complaint by the noted deadline, the Court will *sua sponte* reconsider this Opinion & Order based on the two motions to dismiss filed by Sentinel and Hartford.

### B. Motion to Dismiss for Insufficient Service of Process

A plaintiff is responsible for serving the summons and complaint within the applicable time period. Fed. R. Civ. P. 4(c)(1). Without such service, a district court is without jurisdiction to render judgment against a defendant. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991). The time limit for service of process is 90 days after the filing of the complaint. Fed.

R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v.* Stone, 94 F.3d 217, 219 (6th Cir. 1996).

Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff can effectuate service on a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). A plaintiff can also effectuate service on a corporation by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statue so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B).

In this case, the docket does not reflect any attempted or actual service on Sentinel. Although Ms. Stewart claims in her Memorandum in Opposition that she "has now perfected the service" (16, ECF No. 6), that statement is belied by the docket. Ms. Stewart has not served Sentinel.

Regarding Hartford, Ms. Stewart asserts that a Col. George R. Nelson (Ret.), who is at least 18 years of age, served the corporation at its usual place of business. (Memo. Contra, 4–5, ECF No. 15). She claims that this method of service is in compliance with the Guide for Pro Se Litigants: Representing Yourself in the United States District Court for the Southern District of Ohio.[3] (*Id.*). While Ms. Stewart is correct that the Guide does state, in part, that one can

---

[3] This guide can be found on-line at https://www.ohsd.uscourts.gov/pro-se-handbook. The Guide is intended to be a helpful overview for *pro se* litigants. However, it specifically warns users that "[l]itigants must be careful to fully comply with the Federal Rules of Civil Procedure, the District Court's Local Rules, the applicable General Orders, and the pretrial and trial procedures of each individual Judge." If that warning is not enough, Ms. Stewart is hereby

7

effectuate service by "personal service," she has ignored the instructions of the Guide that provide "[i]f you are suing a company, you must make service as provided in Fed. R. Civ. P. 4(h)." *Pro Se* Litigants Guide, 9.

In fact, Ms. Stewart has not complied with Rule 4(h) for service on a corporation. Accordingly, service upon Hartford is insufficient.

With that said, the Court will exercise its discretion under Rule 4(m) to allow Ms. Stewart additional time to effect service of process. In doing so, the Court has considered the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff, i.e., cause the plaintiff's suit to be time-barred by the statute of limitations; and (5) whether the plaintiff has made diligent, good faith efforts to effect proper service of process. *Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 326 (E.D. Mich. 2001); (citing *Wise v. Dep't of Defense,* 196 F.R.D. 52, 57 (S.D. Ohio 1999)); *see also Sprader v. Goodson,* No. C-2-00-946, 2001 WL 506528, at *5–6 (S.D. Ohio April 17, 2001). These factors favor granting Ms. Stewart additional time.

Ms. Stewart is hereby **GRANTED** an extension of time to effectuate service under Fed. R. Civ. P. 4(m). Plaintiff shall effect service of process upon her intended corporate defendant(s) pursuant to Fed. R. Civ. P. 4 on or before **MARCH 1, 2020**. The Court will not dismiss Plaintiff's Complaint under Fed. R. Civ. P. 4(m) at this time, but the Court **RESERVES** the right

---

advised that the guide cannot supplant the Federal Rules of Civil Procedure, this Court's Local Rules, the applicable General Orders, and the pretrial and trial procedures of this Judge.

to reconsider dismissal under Rule 4(m) if Plaintiff should fail to effect service of process by the deadline of March 1, 2020.

Accordingly, Sentinel's Motion to Dismiss, other than the request for a more definite statement, is **DENIED**. (ECF No. 3). Hartford's Motions to Dismiss is **DENIED**. (ECF No. 12). However, both Defendants are free to file another motion to dismiss in the future if Ms. Stewart fails to effect sufficient service of process in compliance with Rule 4; they may also file a motion to dismiss on other grounds.

### III. Conclusion

For the reasons set forth above, Plaintiff Stewart's Motion to Strike the Motion to Dismiss filed by Hartford is **DENIED**. (ECF No. 14). The Motion of Defendant Sentinel Insurance Company, Ltd. is **GRANTED** in part and **DENIED** in part. (ECF No. 3). The Motion of Defendant The Hartford Financial Services Group, Inc. is **DENIED**. (ECF No. 12).

Pursuant to this order, Ms. Stewart is **ORDERED** to file an amended complaint against the corporate defendant or defendants on or before **FEBRUARY 14, 2020.**

Ms. Stewart is hereby **GRANTED** an extension of time to effectuate process under Fed. R. Civ. P. 4(m). Plaintiff shall effect service of process upon her intended corporate defendant(s) pursuant to Fed. R. Civ. P. 4 on or before **MARCH 1, 2020**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE