## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MERRILEE STWEART,**

**Plaintiff,**

**v.**

**THE HARTFORD FINANCIAL SERVICES GROUP, INC.,** *et al.,*

**Defendant.**

:

:

**Case No. 2:19-cv-304**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Plaintiff Merrilee Stewart brought this action on January 31, 2019. After the Court ruled on several Motions to Dismiss (ECF Nos. 18, 19), she filed an Amended Complaint against Hartford Fire Insurance Company and Sentinel Insurance Company, Ltd. (ECF No. 34.) Against Hartford, she brought a claim for Interference with Business Relationships. (*Id.* Count I). Against Sentinel, she brought claims for Breach of Contract and Bad Faith. (*Id.* Counts II, III.) This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 65.) For the reasons set forth below, the Motion is **GRANTED**.

## I. STATEMENT OF RELEVANT FACTS

Along with three others, Ms. Stewart was a member of RRL Holding Company, LLC. (Final Arbitration Award, ECF No. 65-5, PAGEID # 845.) RRL was the sole member of IHT Insurance Agency Group, LLC; IHT's primary business was

1

to sell and service insurance related and insurance-related products through a network of independent producers. (*Id*.)

In 2014, Ms. Stewart formed a company called TRG United Insurance. (*Id*. at PAGEID # 847.) The other members of RRL believed that Ms. Stewart's establishment of TRG violated RRL's operating agreement and, following a series of events not relevant here, they involuntarily withdrew Ms. Stewart as a partner from RRL. (*Id*.) When Ms. Stewart objected to her involuntary withdrawal, RRL and IHT filed a lawsuit against Ms. Stewart in Franklin County Court of Common Pleas on March 2, 2015. (*Id*. at PAGEID # 850; *see also RRL Holding Co. of Ohio LLC, et al. v. Merrilee Stewart, et al.*, Case No. 15CV1842 ("the RRL Lawsuit") (ECF No. 65-3).) The RRL Lawsuit was stayed pending arbitration in November 2015. (Final Arbitration Award, PAGEID # 850.)

An arbitration panel determined, *inter alia*, that Ms. Stewart had been properly removed as a member of RRL. (*Id*. at PAGEID # 855.) The arbitration panel's determination was confirmed by the Franklin County Common Pleas Court on February 5, 2018 (Judgment Entry, *RRL Holding Company of Ohio, LLC, et al. v. Stewart, et al.*, Franklin Com. Pl. No. 15CV1842 (Feb. 5, 2018) (ECF No. 65-6)) and by the Tenth District Court of Appeals on September 27, 2018. (Decision, *RRL Holding Company of Ohio, LLC, et al. v. Stewart, et al.*, No. 18-AP-118 (10th Dist. App. Sept. 27, 2018) (ECF No. 65-7)). The Ohio Supreme Court then rejected Ms. Stewart's request for a discretionary appeal (Supreme Court of Ohio 12/26/2018 Case Announcements, 2018-Ohio-5209 at 7 (ECF No. 65-8)) and also rejected a

subsequent request for reconsideration (Supreme Court of Ohio 03/06/2019 Case Announcements #2, 2019-Ohio-769 at 5 (ECF No. 65-9)).

### A.   Claim against Hartford

Despite the years-long litigation and arbitration with RRL, Ms. Stewart continues to dispute her withdrawal from LLC. In this case, she asserts that TRG was not formed to compete with IHT and claims that it was Hartford (through its representatives and/or employees) that communicated "the false accusation pertaining to TRG. . . to the controlling members of RRL." (Am. Compl., ¶ 18.) Specifically, she alleges in her Amended Complaint that, Hartford "intentionally interfered with Plaintiff's business relationships by falsely advising the controlling members of RRL that TRG was formed for the purpose of directly competing with RRL." (*Id.* at ¶ 23.)

### B.   Claims against Sentinel

Sentinel issued a business liability insurance policy to TRG that was in effect from November 1, 2014 to November 1, 2015 (Policy number 33 SBA UL 0560 ("TRG Policy")). (ECF No. 65-1.) As a member of TRG, Ms. Stewart asked Sentinel to provide her with a defense to the RRL Lawsuit. On July 18, 2018, Sentinel denied coverage on the grounds that Ms. Stewart was not an insured under the Policy. (Am. Compl., ¶ 20.)

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine

issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* plaintiff is entitled to a liberal construction of her pleadings and filings, this standard is "inapplicable" "once a case has progressed to the summary judgment stage." *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312,

1315 (11th Cir. 2004)). Accordingly, a *pro se* plaintiff cannot oppose summary judgment through mere allegations and unsworn filings; a response must set out specific facts showing a genuine issue for trial through affidavits or otherwise. *Viergutz v. Lucent Techs., Inc.*, 375 F.App'x 482, 485 (6th Cir. 2010).

## III. DISCUSSION

### A. Count I—Tortious Interference Claim against Hartford

To recover for a claim of tortious interference under Ohio law,[1] Ms. Stewart "must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, Syl. 2, 650 N.E.2d 863 (1995).

In response to Defendants' Motion for Summary Judgment, Ms. Stewart has failed to present any admissible evidence that Hartford intentionally interfered with her business relationship with RRL. Any statements made in her Amended Complaint and in her response brief are not admissible evidence. *See* Fed. R. Civ. P. 56(c), (e); *see also Viergutz*, 375 F.App'x at 485. And her deposition testimony makes clear that Ms. Stewart does not have admissible evidence of her claims—therein she admitted that she no evidence that any employee of Hartford made false allegations about TRG to anyone at RRL. (*See generally,* ECF No. 66-1, Stewart Dep. pp. 81–92, 138–148).

---

[1]In a case with diversity of citizenship, the substantive law of the forum state must be applied. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).

Hartford is entitled to summary judgment on Ms. Stewart's Tortious

Interference Claim.

**B.    Count II—Breach of Contract Claim against Sentinel**

Under Ohio law, insurance contracts are construed like any other written

contract, except that an ambiguous policy with competing reasonable

interpretations must be construed in favor of the insured. *Scott v. Allstate Indem.*

*Co.*, 417 F. Supp. 2d 929, 932 (N.D. Ohio 2006); *Perry v. Allstate Indem. Co.*, 953

F.3d 417, 421–23 (6th Cir. 2020) (citing *Andersen v. Highland House Co.*, 93 Ohio

St.3d 547, 757 N.E.2d 329, 332–34 (2001)). "The court's role in interpreting a

contract is to give effect to the intent of the parties." *Fujitec Am., Inc. v. AXIS*

*Surplus Ins. Co.*, 458 F. Supp. 3d 736, 743 (S.D. Ohio 2020) (Litkovitz, M.J.)

(quotation omitted).  To give such effect, "[c]ontract terms are generally to be given

their ordinary meaning when the terms are clear on their face." *CoMa Ins. Agency v.*

*Safeco Ins. Co.*, 526 F. App'x 465, 468 (6th Cir. 2013) (citations omitted).

The Court may determine coverage as a matter of law (*Allstate Ins. Co. v.*

*Eyster*, 189 Ohio App.3d 640, 2010-Ohio-3673, 939 N.E.2d 1274, ¶ 17 (3rd Dist.)),

and a plaintiff bears the burden of proof to demonstrate that the policy provides

coverage for their particular loss. *Chicago Title Ins. Co. v. Huntington Nat'l. Bank*,

87 Ohio St.3d 270, 273, 719 N.E.2d 955 (1999).

Ms. Stewart has failed to present any admissible evidence of her claim. She

makes no effort to explain how the RRL Lawsuit falls within the coverages of the

TRG Policy—instead she simply cites her Amended Complaint and argues that

Sentinel gave a false reason for denying coverage. (Resp., PAGEID # 2139–40.) She

fails to even address the language of the TRG Policy, instead citing a completely different insurance policy held by IHT. (*Id.*, citing Business Liability Policy with IHT as the Insured, Policy No. Y53LP06979.)

Sentinel is entitled to summary judgment on Ms. Stewart's Breach of Contract Claim.

### C.     Count III—Bad Faith Claim against Sentinel

An insurer must exercise good faith in defending and settling claims against the insured, and a breach of that duty will give rise to a cause of action by the insured. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397, 400 (1994) (quoting *Staff Builders, Inc. v. Armstrong*, 37 Ohio St.3d 298, 525 N.E.2d 783, 788 (1988)). The insurer's duty is "based on the relationship between an insurer and its insured." *Hoskins v. Aetna Life Ins. Co.,* 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983); *Drouard v. Unit. Servs. Auto. Ass'n*, 2007–Ohio–1049, 2007 WL 707532, at *2 (Ohio Ct. App. March 9, 2007). When an insured brings a claim for bad faith against her insurance company, she bears the burden of establishing bad faith. *Hoskins*, at, 276; *McCurdy v. Hanover Fire & Cas. Ins. Co.*, 964 F.Supp.2d 863, 874 (N.D. Ohio 2013) ("The burden is on the plaintiff to establish bad faith, it is not a defendant's burden to establish it acted in good faith.").

Where there is no coverage, there is no duty to defend.  *See Cincinnati Indem. Co. v. Martin*, 85 Ohio St.3d 604, 605, 710 N.E.2d 677, 678 (1999) ("A liability insurer's obligation to its insured arises only if the claim falls within the scope of coverage. The insurer need not provide a defense if there is no set of facts alleged in the complaint which, if proven true, would invoke coverage."); *Shaut v. Nat'l. Cas.*

*Co.*, 2021-Ohio-2522, 176 N.E.3d 1122, ¶ 54 (8th Dist.) ("Where a claim for bad faith rests upon the same allegations as a claim for breach of contract and there has been no breach of contract, the bad-faith claim fails as a matter of law.").

In light of Ms. Stewart's failure to establish coverage under the TRG Policy, Sentinel is also entitled to summary judgment on her bad faith claim.

### D.    Additional Claims

In her response, Ms. Stewart seems to be seeking to add claims not alleged in her Amended Complaint. (*See, e.g.*, Resp., PAGEID # 2132 (referring to "additional counts of Conspiracy, Obstruction, and Whistleblower Retaliation").) However, a plaintiff may not assert new claims in her response to summary judgment. To add new claims to a complaint at this stage of litigation, a plaintiff must receive permission to amend her complaint, either by acquiring the defendant's written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Ms. Stewart has done neither. The Court will not now entertain new claims.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**